UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
JOHN E. BOISE, JR.,                                   :
                                                      :
                              Plaintiff,              :
                                                      :            25-cv-8407 (LJL)
               -v-                                    :
                                                      :            ORDER
CHARTWELL PHARMACEUTICALS LLC,                        :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff is a citizen of New Jersey, and Plaintiff has alleged Defendant is a "Delaware corporation with its principal place of business" in the Southern District of New York.  Dkt. No. 1 ¶¶ 1, 2.  Plaintiff pleads that this Court has diversity jurisdiction over the instant action under 28 U.S.C. § 1332(a)(1).  *Id.* ¶ 3.[1]  Plaintiff's complaint pleads no independent basis for jurisdiction.  Defendant, Chartwell Pharmaceuticals LLC, appears to be not a corporation but rather a limited liability company.  "A complaint [against a limited liability company] premised upon diversity of citizenship must allege the citizenship of natural persons who are members of [the] limited liability company and the place of incorporation and principal place of business of any of the corporate entities who are members of the limited liability company."  *Avant Capital Partners, LLC v. W108 Development LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (quoting *New Millenium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010)).  The fact that Plaintiff has "alleged [D]efendant's . . . principal place

---

[1] Plaintiff here mistakenly cites to 28 U.S.C. § 1332(a)(2), which governs suits between citizens of the United States and citizens or subjects of foreign states.  Plaintiff's proffered explanation of why this Court has jurisdiction over his case, though, indicates that Plaintiff meant to cite to 28 U.S.C. § 1332(a)(1).

of business" is "irrelevant as to the citizenship of a limited liability company." *Kenshoo, Inc. v. Aragon Advertising, LLC*, 586 F. Supp. 3d 177, 180 (E.D.N.Y. 2022) (citing *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012) and *Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021)).

Plaintiff alleges the identity of one of Defendant's members, Jack Goldenberg, but does not include an allegation of Goldenberg's citizenship. Dkt. No. 1 ¶ 9. Therefore, Plaintiff is ordered to show cause by May 11, 2026, why this action should not be dismissed for failure to plead diversity of citizenship sufficient to support subject-matter jurisdiction.[2]

SO ORDERED.

Dated: May 4, 2026
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[2] Defendant also moves to dismiss for failure to plead the amount in controversy. Dkt. No. 12 at 12–15. The Court reserves judgment on that issue.

2